## SAMUEL GRAHAM v. SIMON B. POOR.

*Trespass—Forcible entry on land platted as a street.*

Where a land-owner made and recorded a plat and sold lots by reference to it, but neglected to open to the public streets that were indicated thereon, it was *held* that a purchaser from one of his grantees was not justified, by that fact alone, in breaking down a fence and entering upon the enclosed land for the purpose of obtaining a thorough-

fare, especially if it was not a way of necessity to him and the fence had been in existence for twenty years.

A judgment for plaintiff in trespass, is properly limited to nominal damages and costs if special damage is neither claimed nor shown.

Case made after judgment from Cass. (A. J. Smith, J.) Jan. 17.—Feb. 27.

TRESPASS. Plaintiff made and recorded a plat of lands on which he caused certain streets to be represented. One of the streets he opened, but he continued to occupy a portion of the space designated for the others, kept it within his own enclosure, and used it for farming purposes. From time to time he sold lots upon the plat by deeds referring thereto, and one of his grantees conveyed two such lots to defendant, one of which abutted on a public highway and the other on one of the platted streets at a point where it had not been opened. Defendant had a house on the first lot and built a barn on the other, and in getting to his barn he drove along a strip of land platted for a street but not opened to the public, tore down a fence which had been standing for twenty years and which included part of that strip with other land belonging to the plaintiff, and in so doing destroyed part of a growing crop of oats. He afterward unsuccessfully petitioned the village trustees to cause the street to be opened. Judgment below was rendered for defendant. Reversed.

*Howell & Carr* for plaintiff. Marking a space on a village plat as a street does not necessarily make it a public highway : *Buskirk v. Strickland* 47 Mich. 389 ; invasion of private rights is a trespass unless it is done by legal authority : *Linblom v. Ramsey* 75 Ill. 246 ; a landlord cannot take away a possession wrongfully held without ejecting the holder according to law : *Doty v. Burdick* 83 Ill. 473 ; *Reeder v. Purdy* 41 Ill. 279.

*Harsen D. Smith* for defendant.

MARSTON, J. Under the finding of facts in this case the plaintiff was entitled to recover. The fact that he had plat-

ted certain property, and sold lots according to the plat, which designated certain streets thereon, and upon which the lots sold may have fronted, would not of itself give the purchaser the right, against the will of his grantor, to tear down fences and drive over the land designated on the recorded plat as a street.

The public authorities could accept the proposed offer of dedication and cause the streets to be opened, or the purchaser might resort to other methods to have the street opened for his use.   If, however, without resorting to legal methods, he attempted to open and use the same, he thereby committed a trespass, and no case has been cited which would justify the defendant in the course he adopted in this case.

It clearly appears from the finding of facts that the supposed easement was not a way of necessity to the defendant's land, though it might be convenient.   It also appears that for many years the land over which the way is claimed had been used and cultivated by plaintiff precisely as if no plat had ever been made.   This was done without protest or objection on the part of the defendant.   It is thus manifest that plaintiff was in quiet and peaceable possession of the locus in quo, occupying and treating it as his own.   If defendant could legally claim a right of way under the circumstances, he must assert it in some other way than by force.

As no claim was made or evidence offered tending to show special damages sustained by the plaintiff, the judgment will be reversed and one entered in this Court in favor of the plaintiff for nominal damages and costs

GRAVES, C. J. and COOLEY, J. concurred.